UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXANDRIA JANET BARRON and                          Civil Action No.
SERGIO JUAREZ, individually and on
behalf of all others similarly situated,

                            Plaintiffs,

      -against-

CASA LUIS CORP., JOSE LUIS ESTEVES, and
DELIA ARIAS,

                            Defendants.
------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, ALEXANDRIA JANET BARRON and SERGIO JUAREZ (hereinafter collectively, "Plaintiffs"), as and for their Class and Collective Action Complaint against Defendants, CASA LUIS CORP., JOSE LUIS ESTEVES, and DELIA ARIAS (hereinafter collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Part 146 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act ("Hospitality Industry Wage Order") to recover unpaid overtime compensation, unpaid minimum wage, unpaid spread of hours compensation, unlawful tip deductions, and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

1

2.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff Alexandria Janet Barron ("Barron") was employed by Defendants as a bartender from on or about January 16, 2019 until on or about March 13, 2020 at Defendants' "Casa Luis" restaurant located at 1033 Jericho Turnpike, Smithtown, New York 11787.

6.      Plaintiff Sergio Juarez ("Juarez") was employed by Defendants as a waiter from on or about November 1990 through on or about March 13, 2020[1] at Defendants' "Casa Luis" restaurant located at 1033 Jericho Turnpike, Smithtown, New York 11787.

7.      Upon information and belief, Defendant Casa Luis Corp. ("Casa Luis") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant Casa Luis maintains a principal executive office located at 1033 Jericho Turnpike, Smithtown, New York 11787.

---

[1] Any allegations raised in this Class and Collective Action Complaint exclude the time period of approximately October 2017 until early-January 2019, during which time the restaurant was closed and nonoperational.

9.      Upon information and belief, at all relevant times, Defendant Casa Luis owned and operated the "Casa Luis" restaurant located at 1033 Jericho Turnpike, Smithtown, New York 11787.

10.      Upon information and belief, at all relevant times, Defendant Casa Luis maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

11.      Upon information and belief, Defendant, Jose Luis Esteves ("Esteves") is a resident of the State of New York.

12.      Upon information and belief, Defendant, Delia Arias ("Arias") is a resident of the State of New York.

13.      Upon information and belief, at all relevant times, Defendants Esteves and Arias were shareholders, owners, officers, directors, supervisors, and/or managing agents of Defendant Casa Luis.

14.      Upon information and belief, at all relevant times, Defendant Casa Luis was owned, operated, and controlled by Defendants Esteves and Arias.

15.      Upon information and belief, at all relevant times, Defendants Esteves and Arias exercised operational control over Defendant Casa Luis, controlled significant business functions of Defendant Casa Luis, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Casa Luis in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

16.      Upon information and belief, at all relevant times, Defendants Esteves and Arias participated in running the daily operations of Defendant Casa Luis.

17.     Upon information and belief, at all relevant times, Defendants Esteves and Arias participated in the management and supervision of Plaintiffs and their work for Defendants at the Casa Luis restaurant.

18.     Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

19.     Defendants maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

20.     Defendants Casa Luis, Esteves, and Arias are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

## FACTS RELATED TO NAMED PLAINTIFFS

21.     At all times relevant to this action, Plaintiffs were employed for the benefit of and at the direction of Defendants at their Casa Luis restaurant.

22.     Throughout their employment with Defendants, Plaintiffs were not required to clock-in at the beginning of their shifts, clock-out at the end of their shifts, or record their time worked in any other manner.

23.     Upon information and belief, Defendants did not keep and maintain records for the hours that Plaintiffs worked on a daily and weekly basis.

24.     Plaintiff Barron's primary duties as a bartender included mixing drinks and assisting customers.

25.     From on or about January 16, 2019 until on or about February 28, 2019 and again from on or about July 1, 2019 until on or about March 13, 2020, Plaintiff Barron worked six (6) days per week with Tuesday off as follows: Monday and Wednesday from about 4:00 p.m. until

about 11:30 p.m., Thursday from about 4:00 p.m. until about 12:00 p.m., Friday and Saturday from about 4:00 p.m. until about 1:00 a.m., and Sunday from about 12:00 p.m. until about 11:00 p.m.

26.     During this time, Plaintiff Barron was not given and did not take uninterrupted meal breaks during her shifts.

27.     During this time, Plaintiff Barron typically worked fifty-two (52) hours per week.

28.     From on or about March 1, 2019 until on or about June 30, 2019, Plaintiff Barron worked six (6) days per week with Tuesday off as follows: Monday and Wednesday from about 4:00 p.m. until about 11:30 p.m., Thursday from about 4:00 p.m. until about 12:00 p.m., Friday and Saturday from about 12:00 p.m. until about 1:00 a.m., and Sunday from about 12:00 p.m. until about 11:00 p.m.

29.     During this time, Plaintiff Barron was not given and did not take uninterrupted meal breaks during her shifts.

30.     During this time, Plaintiff Barron typically worked sixty (60) hours per week.

31.     During Plaintiff Barron's employment, Defendants paid her twenty dollars ($20.00) per shift.

32.     During Plaintiff Barron's employment, Defendants paid her in cash on a weekly basis.

33.     Plaintiff Juarez's primary duties as a waiter included assisting customers, taking their orders, and delivering their food to the tables.

34.     During the relevant period of Plaintiff Juarez's employment, from on or about June 17, 2014 until on or about March 13, 2020, with the exception of approximately October 2017 until early-January 2019, Plaintiff Juarez worked six (6) days per week with Tuesday off as follows: Monday, Wednesday, and Thursday from about 4:00 p.m. until about 11:30 p.m., Friday

and Saturday from about 4:00 p.m. until about 1:00 a.m., and Sunday from about 12:00 p.m. until about 11:00 p.m.

35.     During this time, Plaintiff Juarez was not given and did not take uninterrupted meal breaks during his shifts.

36.     During this time, Plaintiff Juarez typically worked fifty-one and one-half (51.5) hours per week.

37.     During Plaintiff Juarez's employment, Defendants paid him fifteen dollars ($15.00) per shift.

38.     During Plaintiff Juarez's employment, Defendants paid him in cash on a weekly basis.

39.     During their employment, Defendants did not pay Plaintiffs the statutory minimum wage rate for all of the hours that they worked each week.

40.     During their employment, Defendants did not pay Plaintiffs overtime compensation for all of the hours that they worked in excess of forty (40) hours per week.

41.     During their employment, Defendants did not pay Plaintiffs one and one-half times their regular rates of pay (or one and one-half times the statutory minimum wage rate if greater) for any of the hours that they worked in excess of forty (40) hours per week.

42.     During their employment, Plaintiffs regularly worked shifts that exceeded ten (10) hours per day.

43.     Despite Plaintiffs working shifts that exceeded ten (10) hours per day, Defendants did not pay them spread of hours compensation at a rate of one (1) additional hour of pay at the statutory minimum wage rate for each day that they worked in excess of ten (10) hours.

44.     Throughout their employment, Plaintiffs earned tips from the restaurant's guests.

45.     Defendants never informed Plaintiffs that their wages would be subject to a tip credit.

46.     Defendants regularly accepted payment from their guests via credit card.

47.     Defendants' customers were able to include a tip on their credit card payment for Plaintiffs.

48.     Plaintiffs routinely and frequently earned tips from Defendants' guests via credit card.

49.     Defendants withheld twenty-one percent (21%) of Plaintiffs' credit card tips.

50.     Upon information and belief, the percentage Defendants withheld from Plaintiffs' credit card tips far exceeded the credit card processing fees charged by the credit card companies.

51.     Defendants failed and refused to pay Plaintiffs the full amount of the earned tips to which they were and are entitled, and instead kept a substantial portion of the tips for themselves.

52.     Defendants did not provide Plaintiff Barron with a Notice and Acknowledgement of Pay Rate and Payday, or any other form of wage notice, at her hiring or at any other time thereafter, as required by the NYLL.

53.     Defendants did not provide Plaintiffs with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement along with their weekly earnings, as required by the NYLL.

54.     Defendants Esteves and Arias participated in the decision to hire Plaintiffs.

55.     Defendants Esteves and Arias participated in the decision to fire Plaintiffs.

56.     Defendants Esteves and Arias participated in setting Plaintiffs' work schedules.

57.     Defendants Esteves and Arias participated in deciding the hours that Plaintiffs worked.

58.     Defendants Esteves and Arias participated in deciding the manner in which Plaintiffs were paid.

59.     Defendants Esteves and Arias participated in the daily supervision of Plaintiffs' duties.

60.     Defendants Esteves and Arias participated in deciding the job duties that Plaintiffs performed on a daily basis.

61.     Defendants Esteves and Arias participated in running the day-to-day operations of Defendant Casa Luis during Plaintiffs' employment.

62.     Defendants managed Plaintiffs' employment, including the number of hours worked.

63.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies as they pertain to Plaintiffs.

64.     Defendants were aware of Plaintiffs' pay rates but failed to pay them the statutory minimum wage rate to which they were entitled for this work time under the law.

65.     Defendants were aware of Plaintiffs' earned tips but failed to pay them the full amount to which they were entitled under the law.

66.     Defendants were aware of Plaintiffs' work hours but failed to pay them the full amount of overtime compensation to which they were entitled for this work time under the law.

67.     Defendants were aware that Plaintiffs regularly worked in excess of ten (10) hours per day but failed to pay them the full amount of spread of hours compensation to which they were entitled for this work time under the law.

68.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## FACTS RELATED TO SIMILARLY SITUATED EMPLOYEES

69.     Defendants employ similarly situated bartenders, waiters, and busboys who were and continue to be subjected to the same unlawful policies alleged herein.

70.     Upon information and belief, similarly situated bartenders, waiters, and busboys are not required to clock-in or out of their shifts or to track their time worked in any other manner.

71.     Upon information and belief, Defendants do not keep and maintain accurate time records for the similarly situated bartenders, waiters, and busboys.

72.     Upon information and belief, similarly situated bartenders are paid twenty dollars ($20.00) per shift, regardless of the number of hours they work.

73.     Upon information and belief, similarly situated waiters and busboys are paid fifteen dollars ($15.00) per shift, regardless of the number of hours they work.

74.     Upon information and belief, similarly situated bartenders, waiters, and busboys work in excess of forty (40) hours per week.

75.     Upon information and belief, similarly situated bartenders, waiters, and busboys are not paid overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) each week.

76.     Upon information and belief, similarly situated bartenders, waiters, and busboys are not paid the statutory minimum wage rate for all hours worked each week.

77. Upon information and belief, similarly situated bartenders, waiters, and busboys work in excess of ten (10) hours per shift but are not paid spread of hours compensation at a rate of one (1) extra hour of pay at the statutory minimum wage rate for such days.

78. Upon information and belief, similarly situated bartenders, waiters, and busboys earn tips from Casa Luis' guests that are charged to such guests' credit cards.

79. Upon information and belief, Defendants withhold twenty-one percent (21%) of the similarly situated bartenders, waiters, and busboys' tips that are charged to the guests' credit cards.

80. Upon information and belief, the tips Defendants withhold from the similarly situated bartenders, waiters, and busboys greatly exceeded the amount that Defendants are lawfully permitted to withhold.

81. Upon information and belief, Defendants do not provide similarly situated bartenders, waiters, and busboys with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, as required by NYLL § 195(1).

82. Upon information and belief, Defendants do not provide similarly situated bartenders, waiters, and busboys with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with their weekly earnings, as required by NYLL § 195(3).

83. Defendants Esteves and Arias participate in the decision to hire similarly situated bartenders, waiters, and busboys.

84. Defendants Esteves and Arias participate in the decision to fire similarly situated bartenders, waiters, and busboys.

85. Defendants Esteves and Arias participate in setting similarly situated bartenders, waiters, and busboys' work schedules.

86.     Defendants Esteves and Arias participate in deciding the hours that similarly situated bartenders, waiters, and busboys work.

87.     Defendants Esteves and Arias participate in deciding the manner in which similarly situated bartenders, waiters, and busboys are paid.

88.     Defendants Esteves and Arias participate in the daily supervision of similarly situated bartenders, waiters, and busboys' job duties.

89.     Defendants Esteves and Arias participate in deciding the job duties that similarly situated bartenders, waiters, and busboys perform on a daily basis.

90.     Defendants Esteves and Arias participate in running the day-to-day operations of Defendant Casa Luis during similarly situated bartenders, waiters, and busboys' employment.

91.     Defendants manage similarly situated bartenders, waiters, and busboys' employment, including the number of hours worked.

92.     Defendants dictate, control, and ratify the wage and hour and all related employee compensation policies.

93.     Defendants are aware of similarly situated bartenders, waiters, and busboys' pay rates but fail to pay them the statutory minimum wage rate to which they are entitled for this work time under the law.

94.     Defendants are aware of similarly situated bartenders, waiters, and busboys' earned tips but fail to pay them the full amount to which they are entitled under the law.

95.     Defendants are aware of similarly situated bartenders, waiters, and busboys' work hours but fail to pay them the full amount of overtime compensation to which they are entitled under the law.

96.     Defendants are aware that similarly situated bartenders, waiters, and busboys regularly work in excess of ten (10) hours per day but fail to pay them the full amount of spread of hours compensation to which they are entitled under the law.

97.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for similarly situated bartenders, waiters, and busboys' rights, and similarly situated bartenders, waiters, and busboys have been damaged by such failures.

## COLLECTIVE ACTION ALLEGATIONS

98.     As this Class and Collective Action Complaint pertains to Counts I and II herein, Plaintiffs, individually, and on behalf of all similarly situated current and former employees of Defendants, including its subsidiaries and affiliated companies, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation, minimum wages, and liquidated damages owed to Plaintiffs and all other similarly situated employees, as well as reasonable attorneys' fees and costs incurred in prosecuting this action.

99.     Defendants' failure to pay Plaintiffs and all other similarly situated employees overtime compensation when these employees worked in excess of forty (40) hours per week has violated the FLSA.

100.    Defendants' failure to pay Plaintiffs and all other similarly situated employees the statutory minimum wage rate for all hours worked has violated the FLSA.

101.    As a result of these unlawful practices, Plaintiffs and the similarly situated employees suffered a loss of wages.

102.    Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

All bartenders, waiters, and busboys who worked for Defendants at their Casa Luis Restaurant located at 1033 Jericho Turnpike, Smithtown, New York 11787 at any time from three (3) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become Opt-In Plaintiffs ("FLSA Class").

103.    Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of forty (40) hours a week without being paid proper overtime compensation. They are further similarly situated inasmuch as, *inter alia*, they were not paid the statutory minimum wage rate for all hours worked.

104.    Defendants have known that Plaintiffs and similarly situated employees have performed work that has required overtime compensation and minimum wage. Nonetheless, Defendants have operated under a scheme to deprive Plaintiffs and the other members of the FLSA Class of overtime compensation and minimum wages by failing to properly compensate them.

105.    Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and the similarly situated employees.

## **CLASS ACTION ALLEGATIONS**

106.    As this Complaint pertains to Counts III through VIII herein, Plaintiffs, individually and on behalf of all similarly situated current and former employees of Defendants, also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), under the NYLL to recover, *inter alia*, unpaid overtime compensation, unpaid minimum wages, unpaid spread of hours compensation, unlawfully withheld gratuities, statutory damages for Defendants' wage notice and wage statement violations, liquidated damages, and interest owed to Plaintiffs and all other similarly situated employees, as well as reasonable attorneys' fees and costs incurred in prosecuting this action.

107.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

    (a)    The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    (b)    There are questions of law or fact common to the class which predominate over law and questions affecting only individual members;

    (c)    The claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (d)    The representative parties will fairly and adequately protect the interests of the class; and

    (e)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

108.     Plaintiffs seek certification of a class consisting of the following individuals:

All bartenders, waiters, and busboys who worked for Defendants at their Casa Luis Restaurant located at 1033 Jericho Turnpike, Smithtown, New York 11787 at any time from six (6) years prior to the filing of this action to the entry of judgment in this action ("New York Class").

### Numerosity

109.     Plaintiffs satisfy the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

110.     The proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### Common Questions of Fact or Law

111.     There are questions of fact and law common to each class member which predominate over any questions affecting only individual members.

14

112.    With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

113.    Plaintiffs' claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class they seek to represent.

## Adequacy

114.    Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

115.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

116.    Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims.

117.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

118.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

119.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

120.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Casa Luis was and continues to be an enterprise engaged in commerce or in the production of goods for commerce.

121.     At all times relevant to this Class and Collective Action Complaint, Defendant Casa Luis had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs and the FLSA Class who worked as bartenders waiters, and busboys, and handled food items and other kitchen equipment that originated outside of the State of New York.

122.     Plaintiffs and similarly situated bartenders and waiters are also individuals engaged in commerce because they regularly processed credit card payments with credit card companies located outside of the State of New York.

123.    Upon information and belief, the gross annual volume of sales made or business done by Defendant Casa Luis for the years 2017, 2018, and 2019 was not less than $500,000.00.

124.    At all times relevant to this action, Plaintiffs and the FLSA Class were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

125.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

126.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs and the FLSA Class overtime compensation as required by the FLSA.

127.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

128.    However, none of the Section 13 exemptions apply to Plaintiffs and the FLSA Class because they have not met the requirements for coverage under the exemptions.

129.    Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

130.    Defendants have not acted in good faith with respect to the conduct alleged herein.

131.    As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO PAY MINIMUM WAGES

132.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

133.    Defendants routinely and regularly failed to pay Plaintiffs and the FLSA Class the applicable statutory minimum wage for all hours worked, in violation of 29 U.S.C. §206(a).

134.    Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

135.    Defendants have not acted in good faith with respect to the conduct alleged herein.

136.    As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

137.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

138.    At all times relevant to this Action, Plaintiffs and the New York Class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

139.    At all times relevant to this Action, Defendants were "employers" of Plaintiffs and the New York Class within the meaning of the NYLL and the supporting Regulations pertaining thereto.

140.    At all times relevant to this Action, Defendant Casa Luis was a restaurant as defined by the regulations pertaining to the NYLL.

141.    At all times relevant to this Action, Plaintiffs and the New York Class were "employees" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

142.    At all times relevant to this Action, Plaintiffs and the New York Class were "employees" in the hospitality industry as defined by the regulations pertaining to the NYLL.

143.    At all times relevant to this Action, Defendants employed Plaintiffs and the New York Class, suffering or permitting them to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

144.    The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiffs and the New York Class.

145.    Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

146.    By the above-alleged conduct, Defendants failed to pay Plaintiffs and the New York Class overtime compensation as required by the NYLL and the Regulations pertaining thereto.

147.    By the above-alleged conduct, Defendants failed to pay Plaintiffs and the New York Class overtime compensation for the time periods in which they worked in excess of forty (40) hours per week.

148.    Plaintiffs and the New York Class were not exempt from the overtime provisions of the NYLL, because they did not meet the requirements for any of the reduced number of exemptions available thereunder.

149.     Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL.

150.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and the New York Class' rights.

151.     Defendants have not acted in good faith with respect to the conduct alleged herein.

152.     As a result of Defendants' violations of the NYLL, Plaintiffs and the New York Class have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

153.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

154.     As set forth herein, Defendants regularly and routinely failed to pay Plaintiffs and the New York Class at the applicable statutory minimum hourly wage in violation of Article 19 of the NYLL.

155.     Defendants willfully failed to pay Plaintiffs and the New York Class at the applicable minimum hourly wage in violation of Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

156.     As a result of Defendants' unlawful practices, Plaintiffs and the New York Class have suffered a loss of wages.

157.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and the New York Class' rights.

20

158.     As a result of Defendants' violations of the NYLL, Plaintiffs and the New York Class have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**<u>FAILURE TO PAY SPREAD OF HOURS COMPENSATION</u>**

159.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

160.     In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay Plaintiffs and the New York Class an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiffs and the New York Class' workday exceeded ten (10) hours.

161.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and the New York Class' rights.

162.     As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6**
**<u>UNLAWFUL TIP WITHHOLDING</u>**

163.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

164.     Under New York law, "no employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the

21

gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d.

165.    As set forth herein, Defendants regularly and routinely withheld a percentage of tips from Plaintiffs and the New York Class that was in excess of the processing fees charged by the credit card companies.

166.    As set forth herein, Defendants regularly and routinely failed to pay Plaintiffs and the New York Class the full amount of the tips that they earned from Defendants' customers that paid via credit card in violation of the NYLL and the Regulations pertaining thereto.

167.    Defendants willfully failed to pay Plaintiffs and the New York Class the full amount of their earned tips in violation of Article 6 of the NYLL, Section 196-d, and the supporting New York State Department of Labor Regulations.

168.    Such withholdings constitute outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and the New York Class' rights.

169.    As a result of Defendants' unlawful practices, Plaintiffs and the New York Class have suffered a loss of wages.

170.    As a result of Defendants' violations of the NYLL, Plaintiffs and the New York Class have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT VII**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

171.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

172.    Defendants willfully failed to furnish Plaintiff Barron and the New York Class with

wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by each employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rate of pay and overtime rate of pay.

173.    Through their knowing and intentional failure to provide Plaintiff Barron and the New York Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

174.    Due to Defendants' willful violations of the NYLL, Plaintiff Barron and the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VIII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## <u>FAILURE TO PROVIDE WAGE STATEMENTS</u>

175.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

176.    Defendants willfully failed to provide Plaintiffs and the New York Class complete and accurate wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

177.    Through their knowing and intentional failure to provide Plaintiffs and the New York Class with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

178.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

1.    Willfully violated the provisions of the FLSA by failing to pay overtime compensation and minimum wages to Plaintiffs and all others similarly situated;

2.    Willfully violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation to Plaintiffs and all others similarly situated;

3.    Willfully violated the provisions of the NYLL by unlawfully withholding the tips of Plaintiffs and all others similarly situated;

4.    Willfully violated the provisions of the NYLL by failing to provide wage notices and wage statements to Plaintiffs and all others similarly situated;

B.      Award compensatory damages, including all overtime compensation, minimum wages, spread of hours compensation, and earned tips owed, in an amount according to proof;

C.      Award liquidated damages under the NYLL, or alternatively the FLSA;

D.      Award wage notice and wage statement statutory damages under the NYLL;

E.      Award interest on all NYLL overtime compensation, minimum wages, spread of hours compensation, and earned tips due accruing from the date such amounts were due;

F.      Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated:  Massapequa, New York
        June 18, 2020

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Casa Luis Corp., Jose Luis Estevez, Delia Arias** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I consent to be a party plaintiff in a lawsuit against **Casa Luis Corp., Jose Luis Estevez, Delia Arias** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**      Massapequa, NY
June 11, 2020

**Firma:**

Alexandria Janet Barron

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Casa Luis Corp., Jose Luis Estevez, Delia Arias** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I consent to be a party plaintiff in a lawsuit against **Casa Luis Corp., Jose Luis Estevez, Delia Arias** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**     Massapequa, NY
June 11, 2020

**Firma:**                       
**Sergio Juarez**