**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

ALEXANDRIA JANET BARRON and SERGIO
JUAREZ, Individually and on Behalf of All Others
Similarly Situated,

                           Plaintiffs,

      -against-

CASA LUIS CORP., JOSE LUIS ESTEVES, and DELIA
ARIAS,

                         Defendants.
-------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

20-CV-2713 (GRB) (ST)

**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

Plaintiffs Alexandria Janet Barron and Sergio Juarez, in their individual capacities and on

behalf of others similarly situated, commenced this action against Casa Luis Corp., Jose Luis

Esteves, and Delia Arias (together, "Defendants") on June 18, 2020. Plaintiffs allege Defendants

violated the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. § 201, *et seq.*, as

well as multiple sections of the New York Labor Law ("NYLL") by failing to pay employees the

minimum wage and overtime premiums required under both statutes, and by failing to pay

spread of hours compensation, unlawfully withholding tips, and failing to provide wage notices

and statements, which are prohibited acts under the NYLL. Before the Court is Plaintiff's

motion for conditional certification of this case as a collective action under the FLSA,

authorization to send the proposed notices to a group of employees of the Defendants consisting

of waiters, bartenders, and busboys, and equitable tolling of the statute of limitations on the

1

collective members' claims. For the following reasons, I recommend Plaintiffs' motion be GRANTED.

## BACKGROUND

Defendants own a Spanish restaurant in Smithtown, NY called the Casa Louis Restaurant ("the Restaurant") that opened in 1989. Def. Br., 2, ECF No. 21; Pl. Br., 2, ECF No. 20-1.  The restaurant closed on October 1, 2017, when a car crashed into it, causing a large fire that destroyed the building. Def. Br., 3, ECF No. 21.  The restaurant subsequently reopened on January 10, 2019. *Id.*

Plaintiffs worked at the Restaurant.  Plaintiff Barron claims she worked as a bartender at the Restaurant from approximately January 16, 2019 until May 27, 2020. Barron Aff. ¶ 4; ECF No. 20-6.  She claims during that time she was paid $20 per shift in cash, below the minimum wage required under the FLSA and NYLL. *Id.* at ¶ 7.  Though she did earn tips from customers, she claims Defendants kept 21% of credit card tips and she was never informed that her tips would be subject to a tip credit. *Id.* at ¶¶ 18-21.  She also claims for part of her time working at the restaurant, she worked overtime and was not paid the legally required overtime premium. *Id.* at ¶¶ 12, 16.  She alleges that Defendants did not have her clock in or out, that she was not provided any wage notices or statements, that Defendants did not give her spread of hours compensation, and that she was not given proper meal breaks. *Id.* at ¶¶ 11, 13, 17, 23.  As to her collective claims, Ms. Barron says she worked with other bartenders, waiters, and busboys who she names in her affidavit, and says she had "many conversations with these other employees about the pay practices of Defendants. [She was] told by these former co-workers that they were all subjected to the same pay practices as [her]." *Id.* at ¶¶ 25-26.

Mr. Juarez makes similar allegations, but claims he worked for the Defendants as a waiter, not a bartender, and for a longer period of time than Ms. Barron. *See* Juarez Aff,, ECF No 20-7.  Mr. Juarez says he began working at the restaurant in approximately November 1990. *Id.* at ¶ 4.  He says he worked for Defendants until about March 13, 2020, apart from the period between October of 2017 and early January 2019, when the restaurant was closed due to the fire. *Id.* at ¶ 4.  He claims during this time he was paid $10 per shift prior to October of 2017 and $15 per shift after the restaurant re-opened, below the minimum required under the FLSA and NYLL. *Id.* at ¶ 7.  He also claims he was not paid overtime premiums as required under those statutes, despite working overtime. *Id.* at ¶¶ 7, 14.  As to the alleged collective, Mr. Juarez claims that he worked with other bartenders, waiters, and busboys (the names of whom are the same as the individuals named in Plaintiff Barron's affidavit, apart from Angel, who only Plaintiff Juarez claims to have worked with). *Id.* at ¶ 23.  As to these individuals, Plaintiff Juarez claims in the exact same language used by Plaintiff Barron, "I had many conversations with these other employees about the pay practices of Defendants. I have been told by these former co-workers that they were all subjected to the same pay practices as me." *Id.* at ¶ 24.

Defendants deny these allegations.  They claim that they paid Plaintiffs "well" for the hours they worked and attached to their brief a W-2 for Plaintiff Juarez for the 2019 tax year, which shows Casa Luis Corp. paid Plaintiff Juarez $66,491.03 during that year. Def Opp. Br., Ex. B, ECF No. 21-4.  They also contest the time both Plaintiffs claim to have worked.  Plaintiff Juarez, they contend, did not in fact work for Defendants regularly starting in 1990, instead taking periods of time (sometimes years) away from the restaurant because he would be fired for arriving to work inebriated and then subsequently re-hired. Def. Opp. Br., 2-3, ECF No. 21. They additionally note that Plaintiffs could not have worked the long hours they allege because

the restaurant was not open for all of those hours. *Id.* at 3.  Specifically, they allege that Plaintiff

Barron worked at most two rotating five-hour shifts per week at the take-out counter during her

last two months of employment. *Id.*  They also note that Defendants overhauled most of their

policies and practice in March of 2020. *Id.*

## LEGAL STANDARD

Under the FLSA, an employee may sue on behalf of herself and other employees who are

"similarly situated." 29 U.S.C. § 216(b).  Those "similarly situated" employees may opt-in to a

collective action brought under the FLSA, and therefore become plaintiffs, by filing a written

consent form. *Varghese v. JP Morgan Chase & Co.*, No. 14-CV-1718 (PGG), 2016 WL

4718413, at *5 (S.D.N.Y. Sept. 9, 2016); *see* 29 U.S.C. § 216(b).

The conditional certification of an FLSA collective action is a discretionary exercise of

the court's authority; it is useful as a case management tool, facilitating the dissemination of

notice to potential class members. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010)

(quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989)).  Because it is

discretionary, a motion for conditional certification involves a "far more lenient" standard than a

motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. *Feng v. Soy

Sauce LLC*, No. 15-CV-3058 (ENV) (LB), 2016 WL 1070813, at *2 (E.D.N.Y. Mar. 14, 2016).

Courts in the Second Circuit apply a two-step process to determine whether an action

should be certified as an FLSA collective action. *Myers*, 624 F.3d at 554–55.  In the first step,

the one we are asked to engage in here, the Court looks at the pleadings, affidavits, and

declarations to determine whether the Plaintiff and potential opt-in plaintiffs are sufficiently

"similarly situated" to issue notice and allow the case to proceed as a collective action through

discovery. *Id.* at 555.

The first step requires only a "modest factual showing" that the Plaintiff and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* (internal quotation marks and citations omitted).  The standard of proof is low "because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (emphasis in original).  Participants in a potential collective action need not have held identical jobs or been subject to identical treatment; rather, conditional certification is appropriate where all putative class members are employees of the same enterprise and allege the same types of FLSA violations. *See Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011).

If the Plaintiff satisfies this first step and is granted conditional certification, the Court will later, on a fuller record, determine whether the actual opt-in plaintiffs are in fact "similarly situated" to the named Plaintiff. *Myers*, 624 F.3d at 555.  If the record reveals that the opt-in plaintiffs are not, then the Court may decertify the collective action and the opt-in plaintiffs' claims could be dismissed without prejudice.  *Id.*

Despite the "low burden" at the first stage, a "plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice." *Reyes v. Nidaja*, LLC, No. 14-CV-9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015).  "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." *Id.*; *see also Myers*, 624 F.3d at 555.

An affidavit from the Plaintiff may provide the "modest factual showing" necessary to sustain approval of conditional certification.  Many courts, including this one, have found that allegations in the pleadings and the "personal observations of one plaintiff's affidavit" are

"sufficient to make the modest factual showing necessary to conditionally certify [a] class." *Hernandez v. NGM Mgmt. Grp. LLC,* No. 12-CV-7795, 2013 WL 5303766, 2013 U.S. Dist. LEXIS 134922 at *3 (S.D.N.Y. Sept. 20, 2013) (collecting cases).

However, courts in this circuit have consistently held that "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587 at *2.  This is to avoid conclusory allegations of a common plan or scheme, which are "impossible for a court to test or for Defendants to attempt to refute." *Huer Huang v. Shanghai City Corp.*, No. 19-CV-7702, 2020 U.S. Dist. LEXIS 193074 at *31 (S.D.N.Y. Oct. 19, 2020).  Courts have found a plaintiff fails even the minimal standard of conditional FLSA certification where allegations of factual nexus and common plan or scheme are unspecific. *See Khan v. Airport Mgmt. Servs.*, No. 10-CV-7735, 2011 WL 5597371, 2011 U.S. Dist. LEXIS 133134 at *3 (S.D.N.Y. Nov. 16, 2011).

In *Shibetti v. Z. Rest., Diner & Lounge, Inc.*, this Court found the Plaintiffs did not meet the conditional certification standard where they alleged only that they "observed the [Defendant] treating other employees the same way" but did not "provide any names, dates, or circumstances to give a factual basis for their statements." *Shibetti v. Z. Rest., Diner & Lounge, Inc.,* 2019 WL 11623937, 2019 U.S. Dist. LEXIS 150715 at *11 (E.D.N.Y. Sept. 3, 2019).  In that case, that Plaintiffs did not "offer '*any* detail as to a *single* such observation'…[they did not] state that they talked with similarly-situated persons…[or] provide any affidavits or declarations from potential class members." *Id.* at *11-12 (emphasis in original) (*quoting Sanchez v. JMP Ventures, LLC,* 18-CV-7264, 2014 WL 465542, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014)).

6

**DISCUSSION**

I.      **Conditional Certification Should Be Granted**

I recommend the Court grant the Plaintiffs' motion because Plaintiffs have made a "modest factual showing" that they and potential opt-in plaintiffs were subject to "a common policy or plan that violated the law." *Myers*, 624 F.3d at 555.

Plaintiffs have alleged specific facts with regards to their individual claims: the timeframe and hours they worked for Defendants, their pay while working for Defendants, and the practices they experienced while working there.  However, to be granted conditional certification, Plaintiffs must allege some actual evidence of a factual nexus between themselves and the collection of individuals they seek to represent. *Reyes,* 2015 WL 4622587, at *2.

Plaintiffs base their collective allegations on their own affidavits.  District Courts in the Second Circuit may grant conditional certification based on Plaintiff affidavits alone. *See Sharma v. Burberry Ltd.,* 52 F. Supp 3d 443, 459 (E.D.N.Y. 2014) (*citing Fang v. Zhuang,* No. 10-CV-1290, 2010 WL 5261197, 2010 U.S. Dist. LEXIS 133618, at *7-8 (E.D.N.Y. Dec. 1, 2010) ("Although Plaintiff only corroborates his allegations with his own affidavit, courts in this circuit have found this adequate for conditional certification"); *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07-CV-5062, 2008 WL 2622929, 2008 U.S. Dist. LEXIS 50072, at *3 (E.D.N.Y. June 30, 2008) (granting certification on basis of Plaintiff's one affidavit); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 107 (S.D.N.Y. 2003) (determining the Plaintiff sufficiently alleged Defendant's common policy or plan to fail to pay overtime wages because Plaintiff made substantial allegations in his complaint and sworn declaration). Those allegations may not be "conclusory," but must include "some actual evidence" of a common practice by Defendants. *Reyes,* 2015 WL 4622587, at *2.  Courts require this to avoid fishing

7

expeditions by plaintiffs without real evidence of a common practice and to avoid "allegations of a common plan or scheme, which are impossible for a court to test or for Defendants to attempt to refute." *Huer Huang*, 2020 U.S. Dist. LEXIS 193074 at *31.

In the Plaintiffs' complaint, the allegations as to the proposed collective are specific as to the payment and overtime practices which they allege violated the law, but there is no "actual evidence" presented for these, everything is based "upon information and belief" or merely states Defendants are "aware of" other employees subject to these same practices. Pl. Compl., ¶¶ 69-97, ECF No. 20-4. In Plaintiffs' affidavits, however, they present factual support. They allege that each Plaintiff had "many conversations" with bartenders, waiters, and busboys who they name, and that they were "told by these former co-workers that they were all subjected to the same pay practices…" Barron Aff. ¶¶ 25-26, ECF No. 20-6; Juarez Aff. ¶¶ 23-24, ECF No. 20-7.

By naming the co-workers they allege told them they were subject to the same practices, Plaintiffs have offered details of their allegations which would allow the Court to test those assertions and would give the Defendants the ability to refute them. Plaintiffs also do not just conclusively declare these co-workers were subject to the same practice, they allege having many conversations with these co-workers which led them to that conclusion.

However, names alone are not enough; Plaintiffs must still "provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587 at *2. Here, Plaintiffs have alleged that in those conversations they were "told by these former co-workers that they were all subjected to the same pay practices [as Plaintiffs]." Barron Aff. ¶ 26, ECF No. 20-6; Juarez Aff. ¶ 24, ECF No. 20-7. This combined with the names of the co-workers who told them they were subjected to the same practices comprises the required "minimum level of detail" to support conditional certification.

Indeed, allegations very similar to the ones present here have supported conditional certification in this court previously.  In *Li Ni v. Red Tiger Dumpling House Inc.*, conditional certification was granted where Plaintiff's only evidence presented was his allegations as to his individual experience and allegations in his affidavit that he knew his other named co-workers were similarly situated because he "regularly observed and spoke with [his] co-workers about [their] wages and work." *Li Ni v. Red Tiger Dumpling House, Inc.,* No. 19-CV-3269, 2020 WL 7078533, 2020 U.S. Dist. LEXIS 226539, at *6 (E.D.N.Y. Nov. 30, 2020).  In *Garriga v. Blonder Builders, Inc.*, the two Plaintiffs, in addition to their own allegations as to their individual circumstances, alleged in their affidavits that certain named co-workers had told them in numerous discussions that they were subject to the same payment practices. *Garriga v. Blonder Builders, Inc.,* No. 17-CV-497, 2018 U.S. Dist. LEXIS 171887 at *12 (E.D.N.Y. Sept. 28, 2018).  Conditional certification was granted in that case.  In *Enriquez v. Cherry Hill Mkt. Corp.*, the Plaintiff and a potential opt-in plaintiff submitted affidavits recounting their individual experiences and attesting to "conversations with co-workers who complained about not receiving overtime…" *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10-CV-5616, 2012 WL 440691, 2012 U.S. Dist. LEXIS 17036, at *5 (E.D.N.Y. Feb. 10, 2012). This Court said then, "That is all that is required to warrant conditional certification." *Id.*

Defendants claim that this case is similar to *Shibetti,* in which I denied conditional certification*. See Shibetti,* 2019 WL 11623937; Def. Opp. Br., 8, ECF No. 21.  In *Shibetti,* I denied Plaintiffs' motion for conditional certification under the FLSA where their only allegation as to a nexus between their situations and the proposed collective was that they "observed the [Defendant] treating other employees the same way," but did not "provide any names, dates, or circumstances to give a factual basis for their statements." *Shibetti*, 2019 WL 11623937 at *11.

There are two distinct differences between the allegations here and the allegations in *Shibetti*. The first is that the Plaintiffs here do not merely allege they observed others being treated in the same way, they allege they had conversations with other employees who they allege told them they were treated the same way. The second, and more important difference, is that they name the other employees that they claim to have had these conversations with. These details push the allegations beyond conclusory because the Court can test and Defendants can refute whether these conversations occurred and whether their contents were what Plaintiffs claim.

None of the above is an assessment of the merits of Plaintiffs' claims. To the contrary, Defendants' inclusion of Plaintiff Juarez's W-9 form which clearly shows substantial payment by Defendants during a year when he alleges he was paid under the minimum wage is strong evidence against Plaintiffs' claims. However, at this stage, the Court is not to "resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 665 (S.D.N.Y. 2013). We presume at this stage that the affidavits, made under penalty of perjury, are true and merely assess, based on those and the complaint, whether Plaintiffs have pushed the allegations beyond conclusory and met the low burden for conditional certification. Here, I believe Plaintiffs have done so. In step two of the certification process in an FLSA action, should the Court find that potential opt-in plaintiffs are not in fact similarly situated to Plaintiffs, on a fuller record, then the Court may decertify the collective action and the opt-in plaintiffs' claims could be dismissed without prejudice. *Myers*, 624 F.3d at 555.

## II.    The Collective Conditionally Certified Should Include Bartenders, Waiters, and Busboys Employed by the Defendants at the Restaurant

Plaintiffs argue that the collective should include bartenders, waiters, and busboys employed by the Defendants at the Restaurant. Defendants argue that, should the Court

conditionally certify a collective, that collective should include only bartenders and waiters, not busboys.  The crux of Defendants' argument is that neither Plaintiff has alleged they worked as a busboy for the Defendants and, therefore, cannot allege busboys were treated the same as they were.  I recommend the Court find for the Plaintiffs.

"A court may conditionally certify a collective action pursuant to FLSA § 2 where the plaintiff makes a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Becerra v. IM LLC-I,* No. 14-CV-2671, 2016 U.S. Dist. LEXIS 21090, at *9 (E.D.N.Y. Feb. 20, 2016) (*quoting Myers,* 624 F.3d at 555).  "Courts will conditionally certify collectives of individuals with various occupations, hours, and pay rates where a common unlawful policy is shown." *Zeledon v. Dimi Gyro LLC,* No. 15-CV-7301, 2016 U.S. Dist. LEXIS 150526, at *35 (S.D.N.Y. Oct. 13, 2016) (collecting cases).  The definition of the conditional collective does not turn on whether Plaintiffs themselves held the job at issue, but whether they have made a modest factual showing that busboys employed by Defendants at the same restaurant were subject to the same policy or plan they were subject to.

Plaintiffs' allegations regarding busboys employed by Defendants come from their affidavits.  In their affidavits they claim that they worked with busboys (collectively) Daniel Juarez, Selvin (last name unknown), Elvira (last name unknown), Kyle (last name unknown), and Angel (last name unknown). *See* Barron Aff. ¶¶ 25-26, ECF No. 20-6; Juarez Aff. ¶¶ 23-24, ECF No. 20-7.  They also claim to have had many conversations with these busboys about the pay practices of Defendants and to have been told by these busboys that they were all subject to the same pay practices Plaintiffs were subject to. *Id.*  The combination of the names of busboys they had these conversations with and the description of the content of those conversations is

sufficient at this stage to make the modest factual showing that busboys employed by Defendants at the Casa Luis Restaurant were also affected by the same payment practices Plaintiffs were. As a result, at this stage, I recommend busboys be included in the conditional collective.

### III. Notice Should Be Limited to Those Who Worked as Bartenders, Waiters, and Busboys Employed by the Defendants at the Restaurant While Plaintiffs Worked There and Whose Claims Are Not Barred by the Statute of Limitations. Notice Should be Effectuated According to the Following:

#### a. Equitable Tolling Issues

The parties also disagree on the timeframe under which recipients would have had to have worked at the Restaurant to receive notice. Plaintiffs argue that notice should be sent to any individual who worked as a bartender, waiter, or busboy for Defendants at the Restaurant from June 18, 2017 (three years from the complaint being filed) to the present. Pl. Br., 19-20, ECF No. 20-1. Defendants argue that the notice period should be calculated three years from this Court's order as opposed to the complaint filing date and should extend only to employees working on or before May 22, 2020 (the last time one of the Plaintiffs worked for Defendants), not to the present. Def. Opp. Br., 13-14, ECF No. 21.

The first question is what date to key the three-year notice period to. The notice period is generally governed by the statute of limitations for the violations alleged to avoid sending notice to individuals whose claims will be time-barred. "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Jie Zhang v. Wen Mei, Inc., No.* 14-CV-1647, 2015 WL 6442545, 2015 U.S. Dist. LEXIS 144527, at *5 (E.D.N.Y. Oct. 23, 2015) (collecting cases). Plaintiffs here have alleged willfulness in their complaint, and neither party disputes the three-year notice period at this stage.

12

In FLSA cases, to calculate the statute of limitations period, courts generally begin counting back from the date of the conditional certification order because the statute of limitations on FLSA claims runs until a plaintiff consents to join the action. *See* 29 U.S.C. §256; *Garriga*, 2018 U.S. Dist. LEXIS 171887 at *20 (*citing Ritz v. Mike Rory Corp.*, No. 12-CV-367, 2013 WL 1799974, 2013 U.S. Dist. LEXIS 67840, at *3 (E.D.N.Y. April 29, 2013).  Sometimes, the Court will grant equitable tolling, allowing for the statute of limitations on potential claims to be stayed while certain aspects of the litigation are pending.  In deciding whether to apply equitable tolling, "a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted).  A delay "caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Restaurant Associates Events Corp., et. al.*, No. 10-CV-935, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (collecting cases) (internal brackets omitted).

However, whether Plaintiffs meet the standard for equitable tolling is a fact-specific inquiry, and so courts "frequently permit notice to be keyed to the…period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Winfield v. Citibank, N.A.,* 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) (*quoting in part Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011)).

Here, Plaintiffs have requested equitable tolling of the period between the date this motion was filed and the date of this Court's opinion. Pl. Br., 20, ECF No. 20. As Plaintiffs note, this request is routinely granted in the Second Circuit in FLSA conditional certification motions. *See Chui v. American Yuexianggui of LI LLC,* No. 18-CV-5091, 2020 WL 3618892 at *10 (E.D.N.Y. July 2, 2020) (collecting cases). I fail to see what more Plaintiffs could have done to act with reasonable diligence during the time it has taken this Court to rule on their conditional certification motion, nor do I see any reason to penalize Plaintiffs and potential opt-in plaintiffs for this Court's heavy caseload. Therefore, I recommend the Court grant Plaintiff's motion for equitable tolling.

However, I also recommend that the Court key notice to the three years prior to the date of the complaint, not the filing of this motion. There may be opt-in plaintiffs whose claims would be time-barred if this Court only granted equitable tolling to the date of the filing of this motion, but whose claims would not be time-barred if this Court granted such tolling to the date of the complaint. As the latter has not yet been litigated, I recommend notice be sent to any individual who worked as a waiter, bartender, or busboy for the Defendants starting on or after June 18, 2017, with the understanding that any further equitable tolling will need to be fully briefed and decided at a later time.

### b.  Notice Recipients

The next question is whether that notice period should extend only to employees employed on or before May 22, 2020, as Defendants contend, or to the present, as Plaintiffs contend. Plaintiffs have presented no evidence that the alleged payment practice of Defendants continued beyond May 22, 2020. The collective allegations rest on Plaintiffs' own experiences and the experiences they heard about through conversations of those they worked with. Neither

Plaintiff has alleged that those conversations included workers employed after May 22, 2020 who told Plaintiffs that those payment practices continued.  It is Plaintiffs' burden to make a modest factual showing of a nexus with all conditional class members to be noticed, and they have not for workers hired to work at the Restaurant after May 22, 2020.

Therefore, notice should be sent to conditional collective members employed by Defendants at the Restaurant between June 18, 2017 and May 22, 2020.

### c.  Dissemination of the Notice

To effectuate this notice, I recommend that the Court order Defendants to turn over to Plaintiffs a list in Microsoft Excel format containing the names, last known addresses, phone numbers, and dates of employments of all individuals currently or formerly employed by Defendants in the Restaurant who worked as bartenders, waiters, and/or busboys between June 18, 2017 and May 22, 2020. This is customarily approved in the Second Circuit. *See Tanski v. AvalonBay Cmtys., Inc.*, No. 15-CV-6260, 2017 U.S. Dist. LEXIS 112506 at *50 (E.D.N.Y. Mar. 31, 2017) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective action members.") (*quoting Velasquez v. Digital Page, Inc.*, No. 11-CV-3892, 2014 WL 2048425, 2014 U.S. Dist. LEXIS 68538, at *15 (E.D.N.Y. May 19, 2014) (*citing Puglisi v. TD Bank, N.A.*, No. 13-CV-637, 998 F. Supp. 2d 95, 102 (E.D.N.Y. 2014); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011); *In re Penthouse Executive Club Comp. Litig.,* No. 10-CV-1145, 2010 WL 4340255, 2010 U.S. Dist. LEXIS 114743, at *5-6 (S.D.N.Y. Oct. 26, 2010))).

Without objection by Defendants, I recommend the Court allow Plaintiffs to disseminate the notice via United States Postal Service First Class Mail to the potential collective members.  I

recommend the Court allow the standard 60-day opt-in window for FLSA claims. *See Cohan v. Columbia Sussex Management, LLC*, No. 12-CV-3203, 2013 WL 8367807, at *12 (E.D.N.Y. Sept. 19, 2013). I also recommend the Court allow a reminder mailing at the mid-point of the 60-day opt-in window. *See Meo v. Lane Bryant, Inc.*, No. 18-CV-6360, 2019 WL 5157024, 2019 U.S. Dist. LEXIS 174552, at *39 (E.D.N.Y. Sept. 30, 2019) (citing cases) ("[T]he weight of caselaw in the Second Circuit has in recent years moved towards approval of reminder notices in light of the remedial purpose of the FLSA").

Plaintiffs also wish to disseminate the notice and consent to join forms by posting them in a conspicuous non-public common area location at the Restaurant. Pl. Br., 18, ECF No. 20-1. Defendants oppose that request, arguing that they are not required to because Plaintiffs have not alleged any reason why sending the notices by mail alone will fail to reach potential members of the collective. Def. Opp. Br., 19, ECF No. 21.

The weight of case law in the Eastern District seems to favor posting notice, even where the notice is also mailed and Plaintiffs have not alleged a special need for it. *See Cabrera v. Stephens*, No. 16-CV-3234, 2017 WL 4326511, 2017 U.S. Dist. LEXIS 160044, at *8 (E.D.N.Y. Sept. 28, 2017) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail"); *Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247, 257 (E.D.N.Y. 2014) ("Posting notice at the place of business is common and 'courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail'" (*quoting Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011))); *Xiao Ling Chen v. XpressSpa at Term. 4 JFK, LLC,* No. 14-CV-1347, 2016 U.S. Dist. LEXIS 20003 (E.D.N.Y. Feb. 16, 2016) ("The posting of a notice is a common

requirement"). While I recognize Defendant's concerns regarding the "disruption" (Def. Opp. Br., 19, ECF No. 21) such notices might cause, those concerns are outweighed by the purpose of the FLSA's collective suit provisions which is to "provide employees with accurate and timely notice concerning the pendency of the collective action." *Gurrieri v. Cty. Of Nassau,* No. 16-CV-6983, 2019 WL 2233830, 2019 U.S. Dist. LEXIS 87146, at *38-39 (E.D.N.Y. May 23, 2019) (*quoting Hernandez v. Immortal Rise, Inc.,* No. 11-CV-4360, 2012 WL 4369746, 2012 U.S. Dist. LEXIS 136556, at *6 (E.D.N.Y. Sept. 24, 2012)).

As such, I recommend the Court order Defendants to post the court-approved notice and consent forms in a conspicuous non-public common area.

### IV.    Contents of the Notice Should Be Amended in Accordance with the Following:

#### a.    The Proposed Consent to Join Form Should be Returnable to the Clerk of the Court of the Eastern District of New York

Plaintiffs, in their filing, ask that the consent to join forms be returned to Plaintiffs' counsel. Defendants argue that those forms should be returned to the Clerk of Court, as is the common practice in the Eastern District of New York.

I agree with Defendants that the more common practice in the Eastern District, when a concern is raised by Defendants, is to have consent forms sent to the Clerk of Court as "this procedure avoids potential disputes regarding the timeliness of opt-ins and reinforces that opt-in plaintiffs may seek their own counsel and are not required to retain Plaintiffs' attorneys." *Jiao v. Shang Shang Qian Inc.,* No. 18-CV-5624, 2021 WL 4356043, 2021 U.S. Dist. LEXIS 183438, at *10-11 (E.D.N.Y. Sept. 24, 2021) (collecting cases).

As such, I recommend the Court order Plaintiffs to make changes to the notice and consent to join forms to indicate potential op-in plaintiffs should return opt-in forms to the Clerk

of Court.  Given the location of the Restaurant and this Court, I recommend the Court order the consent to join forms returned to the Clerk's Office in the Central Islip Courthouse.

### b. Defendants' Attorneys' Contact Information Should be Included in the Proposed Notice of Lawsuit

Defendants in their brief request inclusion of their attorneys' contact information, including name, address, and telephone number, in the Plaintiffs' proposed Notice of Lawsuit. Def. Opp. Br., 16, ECF No. 21.  Plaintiffs write in their reply that they have no opposition to this. Pl. Repl. Br., 7, ECF No. 22.

Therefore, I recommend that the Court order Plaintiffs to include Defense Counsel's contact information in their Notice of Lawsuit.

### c. The Proposed Notice Should Be Amended to Make Clear That the Consent Form is Just for the FLSA Collective Certification

Plaintiffs have alleged in their complaint both FLSA and NYLL violations, both individually and as representatives of a proposed collective (FLSA) and class (NYLL). *See* Pl. Compl, ECF No. 20-4.  The FLSA violations alleged are failure to compensate for overtime and failure to pay required minimum wages. *Id.* at ¶¶ 118-136.  The alleged violations of the NYLL include failure to pay minimum wage, failure to compensate for overtime, failure to pay spread of hours compensation, unlawful tip withholding, failure to provide wage notices, and failure to provide wage statements. *Id.* at ¶¶ 137-178.  The proposed FLSA notice references both sets of claims. Defendants argue that the notice should only reference the FLSA suit and alleged violations to avoid confusing potential opt-in plaintiffs. Def. Opp. Br., 16-18, ECF No. 21.

Both the Eastern and the Southern District have held, in circumstances like this, it "promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims. *Garriga v. Blonder*

18

*Builders, Inc.*, No. 17-CV-497, 2018 U.S. Dist. LEXIS 171887 at *19-20 (E.D.N.Y Sept. 28, 2018) (*citing D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2012 WL 613481, 2012 U.S. Dist. LEXIS 175452 at *1 (E.D.N.Y. Dec. 11, 2012); *Lazo v. Queens Health Food Emporium, Inc.,* No. 11-CV-5848, 2012 WL 2357564, 2012 U.S. Dist. LEXIS 85778 at *3 (E.D.N.Y. June 20, 2012); *Moore v. Eagle Sanitation, Inc.,* 276 F.R.D. 54, 59 (E.D.N.Y. 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 132 (E.D.N.Y. 2011); *Schwerdtfeger v. Demarchelier Mgmt, Inc.*, No. 10-CV-7557, 2011 WL 2207517, 2011 U.S. Dist. LEXIS 60338 at *6 (S.D.N.Y. June 6, 2011); *Klimchak v. Cardrona, Inc.*, No. 09-CV-4311, 2011 WL 1120463, 2011 U.S. Dist. LEXIS 30652 at *7 (E.D.N.Y. Mar. 24, 2011); *Cano v. Four M. Food Corp.*, No. 08-CV-3005, 2009 WL 5710143, 2009 U.S. Dist. LEXIS 7780 at *8 (E.D.N.Y. Feb. 3, 2009)). Given that this Court has frequently allows Plaintiffs to mail FLSA notices that include their NYLL claims, I do not believe Plaintiffs need to remove all reference to their NYLL claims.

However, I do agree with Defendants that it would be easy for a potential opt-in plaintiff to understand that, by signing and submitting the consent form, they are joining both the FLSA and NYLL portions of the lawsuit, when they are only in fact joining the FLSA suit. Therefore, I recommend that the Court order Plaintiffs to amend the notice and consent forms to make clear that, while class NYLL claims may be litigated in the future, the opt-in consent form is only for the FLSA claims.

### d.  The Following Changes Should Be Required to the Language in the Notice and Consent Form Relating to Legal Representation Options

Finally, Defendants argue that the current language regarding legal representation options should be amended as it does not fully advise potential opt-in plaintiffs of their right to choose legal representation other than Plaintiffs' counsel and improperly steers them towards Plaintiffs' counsel.

19

Among the problematic sections noted by Defendants are:

- Section IV: I have already recommended this be amended to direct filing of consent forms to the Clerk of Court, not Plaintiffs' Counsel;

- Section V: This Section says, "By joining this lawsuit, you designate the Named Plaintiffs and Neil H. Greenberg & Associates, P.C. as your representatives…" That language should be amended to make it clear an opt-in plaintiff may join the collective action and retain his or her own counsel;

- Section VIII: Despite Defendants' contentions, this Section begins, "You are free to be represented by counsel of your own choosing…" The language here properly advises opt-in plaintiffs of their rights and need not be amended; and

- Section IX: I recommend pursuant to my earlier recommendation this be amended to direct opt-in plaintiffs to return consent forms to the Clerk of Court and not Plaintiffs' Counsel.

*See* Pl. Br., Ex. E, ECF No. 20-8.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiffs' Motion for Conditional Certification, to Authorize Notice to the Conditional Collective, and for Equitable Tolling Be GRANTED.  Specifically, I recommend Plaintiffs' motion for conditional certification of a conditional collective of bartenders, waiters, and busboys who worked at the Restaurant for Defendants between June 18, 2017 and May 22, 2020 be granted, that notice be sent to individuals in the collective via first-class mail and be posted in a conspicuous non-public location at the Restaurant, and that the notice and opt-in consent forms be amended in accordance with this recommendation.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
January 21, 2022