

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

NEIL H. GREENBERG, ESQ.                                                                                                              PARALEGALS

JUSTIN M. REILLY, ESQ.                                                                                                                ROSA COLLINS
KEITH E. WILLIAMS, ESQ.                                                                                                          CATALINA ROMAN

**Via: ECF**                                                                                                                                **July 21, 2023**

Honorable Judge Gary R. Brown
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:**     *Barron, et al. v. Casa Luis Corp., et al.*; **20-cv-02713 (GRB)(ST)**

Dear Judge Brown,

My office represents Plaintiffs in the above-referenced FLSA action. Kindly accept this letter motion as Plaintiffs' request for approval of the Parties' settlement agreement, attached as **Exhibit 1** for the Court's review. *See Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) (*citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The Agreement resolves Plaintiffs' claims against Defendants and represents a good faith effort between experienced counsel to negotiate the settlement of a *bona fide* dispute between the Parties. The settlement provides Plaintiffs with a 100% recovery of their claimed unpaid wages, plus an additional amount to cover their attorneys' fees and costs. Accordingly, Plaintiffs respectfully requests that the Court approve the Agreement and dismiss this action with prejudice.

**I.       Background and Settlement**

On June 18, 2020, Plaintiffs filed their Complaint alleging violations of the FLSA and New York Labor Law ("NYLL") for failing to pay overtime and minimum wages, as well as additional NYLL claims for failing to pay spread of hours, unlawfully withholding tips, and failing to provide wage notices and wage statements. *See gen.* Complaint, D.E. 1. Plaintiffs contend that during their employment with Defendants, they were not paid minimum wage or spread of hours compensation and that they routinely worked in excess of 40 hours a week but were not paid overtime compensation for such hours. During discovery, Plaintiffs' counsel calculated a damages chart for each Plaintiff, attached as **Exhibits 2 and 3**. Plaintiff Juarez's reasonable estimate of his claims for unpaid wages is $145,996.57 and Plaintiff Barron's is $48,810.70, exclusive of penalties, interest, attorneys' fees, and costs. In preparing the damage charts, Plaintiffs' counsel did not take into account any of Defendants' defenses, as discussed herein.

Defendants do not agree with Plaintiffs and dispute their allegations completely. Defendants contend that they have fully complied with the FLSA and the NYLL. They dispute the hours Plaintiffs claim to have worked each week and claim that during their employment, Plaintiffs were paid properly for every hour they worked. Further, Defendants are confident that the testimony of their witnesses will completely negate the reasonableness of Plaintiffs' estimated hours worked. Moreover, Defendants contend that their records afford them a complete defense to Plaintiffs' claims.

In sum, there is a *bona fide* dispute between the parties regarding Plaintiffs' wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

**II.    The Settlement of Claims Against Defendants is Fair and Reasonable**

To dismiss a FLSA case with prejudice, the Parties must seek Court approval of the settlement. *See Cheeks*, 769 F.3d at 206; *see also Wolinsky*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012) (court must determine if a settlement agreement is fair and reasonable). Courts consider the totality of the circumstances to make this determination. *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015).

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky*, 900 F. Supp. 2d at 335. Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, 11–cv-00529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, 10-cv-01145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, 07-cv-00086, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

During discovery, the Parties exchanged documents, demands, damage charts, offers, and counteroffers. On November 12, 2020, the Parties attended mediation with Andrew Kimler through the EDNY Mediation Program. After several hours of negotiations, the Parties were unable to reach a resolution of their dispute. Settlement negotiations resumed after three (3) party depositions were completed, at which point Defendants increased their total offer to $300,000.00. Plaintiffs willingly accepted their good faith offer. Plaintiffs recognize that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever, and that Defendants have agreed to this amount to avoid the risks and expenses of protracted litigation. Plaintiffs further recognize that Defendants continue to deny that Plaintiffs' claims have any merit. Of the agreed upon settlement amount Plaintiff Juarez will receive $146,567.32, Plaintiff Barron will receive $49,381.44, and their attorneys will receive $104,051.24 in fees and reimbursable costs.

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiffs' possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### a.     The Agreement Fairly Accounts for Plaintiffs' Possible Recovery

As noted above, Plaintiffs will be receiving a collective recovery of $195,948.76, which is approximately 100.50% of their claimed unpaid wages. Further, their attorneys' fees and costs are being paid by Defendants in the amount of $104,051.24. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiffs' wages and the other claims raised in the Complaint. The Agreement does not contain a confidentiality provision or a general release, and while it does contain a non-disparagement clause, it provides a carve out for truthful statements made about the Parties' experiences during this litigation. Such a non-disparagement provision is fair and reasonable. *Payano v. 1652 Popham Assoc., LLC,* No. 17-cv-09983 (HBP), 2019 WL 464231, at 4 (S.D.N.Y. Feb. 6, 2019) ("Courts in this Circuit have held that while "not all non-disparagement clauses are per se objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case."). It is apparent that the settlement amount fairly accounts for Plaintiffs' possible recovery in this matter.

### b.     The Risk and Expenses Faced by the Parties

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. Additionally, and as noted *supra*, if Defendants did so prevail, Plaintiffs face the possibility of receiving no recovery at all. Further, Plaintiffs face the prospect of waiting months, if not years, for the matter to proceed through remaining discovery, dispositive motion practice and, eventually, trial. While Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiffs' claims, they are also mindful that this would have only occurred after a protracted litigation at significant financial defense costs. Conversely, if Plaintiffs prevail at trial, Defendants could face significant liability for unpaid wages, civil penalties, interest, and attorneys' fees and costs. Thus, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution. As well, even though it is not necessarily a factor under *Wolinsky,* the Court should also not lose sight of the fact that litigation imposes a mental toll upon both Plaintiffs and Defendants no matter who wins or loses. *See Brown v. TD Bank, N.A.,* No. 15-CV-5474, 2016 WL 1298973, at *7 (E.D. Pa. Apr. 4, 2016) ("Litigation is expensive, time-consuming, and emotionally draining."). Settlement ameliorates this burden too. Accordingly, all Parties face substantial risks in proceeding forward with the litigation and, for these reasons, the settlement should be found to be fair and reasonable.

      **c.**      **The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion**

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Indeed, the Parties were able to resolve this controversy, in large part, because of the hard work and experience of their respective attorneys and the invaluable assistance of Andrew Kimler of the EDNY Mediation Program, who was able to narrow many of the issues in this case and put the Parties in a good position to ultimately settlement this lawsuit. Throughout the process, the Parties' respective counsel zealously advocated on behalf of their clients, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Further, Plaintiffs are satisfied with the settlement amount and voluntarily and willingly entered into the Agreement without coercion or duress. Plaintiffs were represented by experienced counsel (Keith E. Williams, Esq.) who has litigated over 250 cases in the Southern and Eastern Districts of New York, the majority of which involve claims under the FLSA and the NYLL. Accordingly, the Agreement should be approved by the Court.

**III.**      **Plaintiffs' Request for Attorneys' Fees and Costs Is Reasonable.**

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiffs' counsel is seeking one-third of the settlement amount as a fee plus recovery of their costs. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). *See also Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit").

NHG Law's efforts to date have been without compensation and its entitlement to payment has been wholly contingent upon the result achieved. As with every other FLSA case, NHG Law stood to gain nothing in the event this litigation was unsuccessful while incurring substantial and unrecoverable costs.

Of the agreed upon settlement amount ($300,000.00), Plaintiffs' counsel is seeking one-third in fees ($300,000.00 x 1/3 = $100,000.00) and recovery of their costs incurred during the litigation ($4,051.24), which included filing the complaint ($400.00), service of process ($200.00), mediation ($450.00), service of subpoenas ($1,245.00), and deposition transcripts ($1,756.25), for a total of $104,051.24.

Accordingly, Plaintiffs respectfully request that Your Honor approve the settlement agreement and dismiss this action with prejudice.

Thank you for your consideration of this matter.

                                        Respectfully submitted,

                                        Keith E. Williams, Esq.

Attachments: as stated.

cc: all counsel of record via ECF